\*\*Original filed 8/18/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER F. POSEY, | ) | No. C 05-2191 JF (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) | |
| JEANNE S. WOODFORD, | ) ) | |
| Respondent. | ) ) | |

## I. INTRODUCTION

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Marin Superior Court for sale of a controlled substance (Cal. Health & Safety Code § 11352(a)). Petitioner was sentenced to ten years and fourth months in state prison, with enhancements for prior convictions. Petitioner appealed, and the state appellate court affirmed the judgment. The state supreme court granted a petition for review and affirmed Petitioner's conviction on January, 22, 2004. See People v. Posey, 32 Cal. 4th 193 (2004). Petitioner filed the instant action on May 27, 2005.

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.jf\hc.05\Posey191den                    1

In its Order to Show Cause dated July 29, 2005, this Court found that the petition alleged a cognizable claim that Petitioner's federal constitutional right to trial by a jury drawn from the vicinage of the crime was violated because the jury was selected from a district in which no part of the crime occurred. Respondent filed an answer addressing the merits of the petition. Petitioner did not file a traverse. After reviewing the briefs and the underlying record, the Court concludes that Petitioner is not entitled to relief and will deny the petition.

## II. FACTUAL BACKGROUND

The California Supreme Court found the relevant facts to be as follows:

> Detective Rudy Yamanoha of the Marin County Sheriff's Department received information that a woman known as "Nini," who apparently was a resident of San Francisco County, was selling cocaine in the area of Marin or was selling that substance to Marin residents. (Nini later was identified as Johnneka Hall, who originally had been Petitioner's codefendant, but had fled prior to trial.) Yamanoha, while in Marin, placed a telephone call to Nini, who was in San Francisco, and left on a paging system a telephone number that apparently had a 415 area code (which encompasses both Marin and San Francisco). Nini called back Yamanoha and soon agreed to sell him an ounce of cocaine base for $575. Although he in fact was in Marin, Yamanoha told Nini that he was in Santa Rosa, in Sonoma County, and asked her to meet him halfway at Vista Point on the Marin side of the Golden Gate Bridge, but she did not agree. Later that day, Yamanoha paged Nini again to make arrangements for delivery, this time apparently leaving a second telephone number with a 415 area code. Nini called back Yamanoha and had him speak to Petitioner, who persuaded Yamanoha to buy two ounces of cocaine base for $1,150, and then agreed to delivery at Vista Point in Marin. A minute or so later, however, Petitioner called Yamanoha at the second 415 area code telephone number, and changed the point of delivery from Vista Point in Marin to a location in San Francisco not far from the Golden Gate Bridge. That evening, Yamanoha went to the location in question and, after some delay, bought a little less than two ounces of cocaine base from Petitioner for the full price of $1,150, with Petitioner promising to make up for the shortage on the next purchase. The transaction was surreptitiously videotaped by law enforcement officers.
>
> Some days later, Detective Yamanoha, in Marin County, again paged Nini, who was in San Francisco County, and apparently left a telephone number with a 707 area code (which encompasses Sonoma County, including Santa Rosa) directed to a cellular telephone. Nini called back Yamanoha and had him speak to Petitioner. Yamanoha asked to buy two more ounces of cocaine base, and Petitioner agreed to sell that quantity for $1,150. Although he in fact was in Marin, Yamanoha told Petitioner that he was in Santa Rosa, and asked Petitioner to meet him halfway in Marin; Petitioner refused, and proposed the same location in San Francisco as previously; Yamanoha ended the conversation before

resolving the matter, stating that he had an incoming call, and Petitioner said that he would call back. A minute or so later, Petitioner called Yamanoha, apparently at the 707 area code telephone number, and Yamanoha agreed to meet him at the previously identified San Francisco location. That evening, Yamanoha went to the location in question and purchased two ounces of cocaine base from Petitioner for $1,150. This transaction too was surreptitiously videotaped by law enforcement officers.

A few days later, Detective Yamanoha attempted to buy more cocaine base from Petitioner, but gave up when Petitioner refused to make delivery other than in San Francisco County. Within a week or two, Petitioner was arrested in San Francisco.

In its charge, the trial court instructed the jury on the crime of sale of cocaine base and also on venue, and directed it to determine the question of guilt or innocence prior to venue. After deliberations, the jury returned verdicts finding Petitioner guilty of two counts of sale of cocaine base. The jury, however, was unable to agree on venue. Thereupon, the trial court declared a mistrial on that issue alone, denying a motion by Petitioner for mistrial on the entire case.

After rejecting a suggestion by the People that it resolve the question of venue itself, the trial court empaneled a second jury and conducted a second trial solely on the issue of venue. Evidence similar to that presented at the first trial was introduced before the second jury. After the second jury was instructed on venue by the trial court, and after that jury presented questions to, and received answers from, the trial court in the course of deliberations, the jury made a finding that "Venue is in Marin County". The trial court rendered a judgment of conviction, sentencing Petitioner to a term of imprisonment.

On appeal, the Court of Appeal affirmed the judgment (after modifying it in part on a point not pertinent here). Noting that (the California Supreme Court) had left open the issue of the soundness and continuing vitality of the rule that venue is a question of fact for the jury, the Court of Appeal rejected each of Petitioner's contentions relating to venue. First, the Court of Appeal concluded that the trial court had not erred by receiving from the first jury the verdicts finding Petitioner guilty of two counts of sale of cocaine base that were purportedly "incomplete" because that jury was unable to agree on venue, and that the trial court had not acted in excess of its jurisdiction by thereafter declaring a mistrial on venue alone, empaneling the second jury, receiving that jury's finding that venue was in Marin County, and rendering the ensuing judgment. Second, the Court of Appeal rejected a claim that the trial court's instructions to the second jury on venue were erroneous. Third, the Court of Appeal concluded that the evidence was sufficient to support the second jury's finding on venue. Fourth and finally, the Court of Appeal held that the trial court had not violated Petitioner's right, under the Sixth Amendment to the United States Constitution or section 16 of article I of the California Constitution, to trial by jurors of the vicinage by drawing the first jury (which returned the guilty verdicts) from Marin County.

Respondent's Exhibit J (People v. Posey, 32 Cal. 4th 193, 201-203 (2004)).

\\\

# III. DISCUSSION

## A. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may grant a writ of habeas corpus with respect to a state proceeding only if the state court's ruling either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). As it is used in 2254(d), "clearly established federal law, as determined by the Supreme Court of the United States," refers to the "holdings, as opposed to the dicta, of [the Supreme] Court's decision as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). Thus, if the Supreme Court has not ruled on the particular legal issue raised by a petitioner in state court, the state court's adjudication cannot be "contrary to, or an unreasonable application of, clearly established federal law," within the meaning of 28 U.S.C. § 2254(d). Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## B. PETITIONER'S CLAIM

Petitioner alleges that the vicinage guarantee of the Sixth Amendment was violated because the jury that convicted him was composed solely of residents of Marin County, a county in which he alleges no part of the crime occurred. Petitioner further contends that the Vicinage Clause of the Sixth Amendment applies to the states via the Fourteenth Amendment. However, Petitioner fails to acknowledge, or apply, the relevant AEDPA standard of review to the instant petition.

The Vicinage Clause guarantees a person accused of a crime "the right to a...jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. CONST. amend. XI.  In Stevenson v. Lewis, 384 F.3d 1069, 1070 (9th Cir. 2004), the Ninth Circuit affirmed a district court decision denying habeas relief sought on Vicinage Clause grounds.  The court found that while the Supreme Court has held that certain provisions of the Sixth Amendment extended to the states through the Fourteenth Amendment, it has not reached the question of whether the Vicinage Clause applies to the states.  Id. at 1071.  Accordingly, the state court's decision could not have been "contrary to, or an unreasonable application of, clearly-established federal law." Id.

Likewise, this Court concludes that Petitioner has failed to show that the state court's adjudication of his vicinage rights claim satisfies the AEDPA standard for habeas relief.  In deciding the merits of Petitioner's vicinage claim, the California Supreme Court reiterated its holding in Price v. Superior Court, 25 Cal. 4th 1046, (2001), that "the vicinage right embodied in the Sixth Amendment...applies only against the United States and is not incorporated...against the states." People v. Posey, 32 Cal. 4th at 222. As the United States Supreme Court had not decided whether federal constitutional vicinage rights extend to the states at the time of the relevant state court decision,[1] nor has it done so as of the date of this order, the California Supreme Court's holding cannot have been "contrary to, or an unreasonable application of, clearly established federal law," as those terms are used in 28 U.S.C. § 2254(d).  Similarly, Petitioner has failed to show that the California Supreme Court's decision was based upon an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," within the meaning of 28 U.S.C. § 2254(d)(2).

---

[1] Issued on January 22, 2004.  See People v. Posey, 32 Cal. 4th 193, 222 (2004).

## IV. CONCLUSION

The Court concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying criminal proceeding.  Accordingly, the petition for writ of habeas corpus is denied.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: __8/18/06_____

JEREMY FOGEL
United States District Judge

1   A copy of this ruling was mailed to the following:

2
    Christopher Posey
3   190 Victoria Street, Apt # 6
    San Francisco, CA  94132
4

5   Jeremy Friedlander
    CA Attorney General's Office
6   455 Golden Gate Avenue
    Suite 11000
7   San Francisco, CA  94102-7004

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Order Denying Petition for Writ of Habeas Corpus
    P:\pro-se\sj.jf\hc.05\Posey191den                 7